FILED
CLERK, U.S. DISTRICT COURT

10/09/2024

CENTRAL DISTRICT OF CALIFORNIA
BY: ___AP___ DEPUTY

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

March 2024 Grand Jury

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>CHRISTOPHER ROGER ORTEGA and RAYMOND SAMUEL MARTINEZ,<br><br>　　　　Defendants. | Case No. 5:24-cr-00244-KK<br><br>I N D I C T M E N T<br><br>[18 U.S.C. § 922(a)(1)(A): Engaging in the Business of Manufacturing and Dealing in Firearms Without a License; 18 U.S.C. § 922(o)(1): Possession of Machineguns; 26 U.S.C. § 5861(d): Possession of an Unregistered Short-Barreled Rifle; 21 U.S.C. §§ 841(a)(1), (b)(1)(C): Possession with Intent to Distribute, and Distribution of, Cocaine; 18 U.S.C. § 924(d), 21 U.S.C. § 853, 26 U.S.C. § 5872, 28 U.S.C. § 2461(c): Criminal Forfeiture] |

　　The Grand Jury charges:

COUNT ONE

[18 U.S.C. §§ 922(a)(1)(A), (2)(a)]

[ALL DEFENDANTS]

　　Beginning on an unknown date, but no later than on March 10, 2023, and continuing through on or about July 27, 2023, in Riverside County, within the Central District of California, defendants

CHRISTOPHER ROGER ORTEGA and RAYMOND SAMUEL MARTINEZ, aiding and abetting each other, not being licensed as importers, manufacturers, or dealers of firearms, willfully engaged in the business of manufacturing and dealing in firearms, specifically, the manufacturing and sale of the following firearms, including privately made firearms bearing no legitimate manufacturer's mark or serial number (commonly referred to as "ghost guns"), firearms equipped with machinegun conversion devices, and short-barreled rifles, on or about the following dates:

| Date | Defendant(s) | Items |
|---|---|---|
| March 23, 2023 | ORTEGA | 1. A privately manufactured .40 caliber Glock-type firearm<br><br>2. A Glock-type machinegun conversion device, bearing no manufacturer's mark or serial number |
| March 30, 2023 | ORTEGA and MARTINEZ | 1. A privately manufactured 9mm Luger caliber, Glock-type firearm, with an attached machinegun switch, bearing no manufacturer's mark or serial number<br><br>2. A privately manufactured AR-type 5.56 x 45mm caliber rifle, with an attached auto sear, bearing no manufacturer's mark or serial number |
| April 7, 2023 | ORTEGA and MARTINEZ | 1. A privately manufactured AK-type rifle<br><br>2. A privately manufactured handgun |

| Date | Defendant(s) | Items |
|---|---|---|
| May 9, 2023 | ORTEGA and MARTINEZ | 1. Four privately manufactured Glock-type, 9 x 19mm caliber firearms, with attached machinegun switches, bearing no serial numbers<br><br>2. A privately manufactured AR-type, 5.56 x 45mm caliber short-barreled rifle, bearing no serial number |

                          COUNT TWO

                     [18 U.S.C. § 922(o)(1)]

                       [DEFENDANT ORTEGA]

     On or about March 23, 2023, in Riverside County, within the Central District of California, defendant CHRISTOPHER ROGER ORTEGA knowingly possessed a machinegun, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), that defendant ORTEGA knew to be a machinegun, namely, a machinegun conversion device (also known as a "Glock switch," "trigger switch," or "auto switch") that was designed and intended, solely and exclusively, for use in converting a weapon into a machinegun.

## COUNT THREE

[18 U.S.C. §§ 922(o)(1), 2(a)]

[ALL DEFENDANTS]

On or about March 30, 2023, in Riverside County, within the Central District of California, defendants CHRISTOPHER ROGER ORTEGA and RAYMOND SAMUEL MARTINEZ, aiding and abetting each other, knowingly possessed the following machineguns, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), each of which defendants ORTEGA and MARTINEZ knew to be a machinegun, both bearing no manufacturer's marks or serial numbers:

1. A privately manufactured 9mm Luger caliber, Glock-type firearm, with an attached machinegun conversion device (also known as a "Glock switch," "trigger switch," or "auto switch"); and
2. A privately manufactured AR-type 5.56 x 45mm caliber rifle, with an attached machinegun conversion device (also known as an "auto sear").

5

COUNT FOUR

[18 U.S.C. §§ 922(o)(1), (2)(a)]

[ALL DEFENDANTS]

On or about May 9, 2023, in Riverside County, within the Central District of California, defendants CHRISTOPHER ROGER ORTEGA and RAYMOND SAMUEL MARTINEZ, aiding and abetting each other, knowingly possessed the following machineguns, as defined in Title 18, United States Code, Section 921(a)(24), and Title 26, United States Code, Section 5845(b), each of which defendants ORTEGA and MARTINEZ knew to be a machinegun, all bearing no serial numbers:

1. A privately manufactured Glock-type, 9 x 19mm caliber firearm, utilizing a subcompact Polymer 80 frame, with an attached machinegun conversion device (also known as "Glock switches," "trigger switches," or "auto switches");
2. A black privately manufactured Glock-type, 9 x 19mm caliber firearm, utilizing a compact Polymer 80 frame, with an attached machinegun conversion device (also known as "Glock switches," "trigger switches," or "auto switches");
3. A tan privately manufactured Glock-type, 9 x 19mm caliber firearm, utilizing a compact Polymer 80 frame, with an attached machinegun conversion device (also known as "Glock switches," "trigger switches," or "auto switches");
4. A privately manufactured Glock-type, 9 x 19mm caliber firearm, utilizing a full-size Polymer 80 frame, with an attached machinegun conversion device (also known as "Glock switches," "trigger switches," or "auto switches").

## COUNT FIVE

[26 U.S.C. § 5861(d); 18 U.S.C. § (2)(a)]

[ALL DEFENDANTS]

On or about May 9, 2023, in Riverside County, within the Central District of California, defendants CHRISTOPHER ROGER ORTEGA and RAYMOND SAMUEL MARTINEZ, aiding and abetting each other, knowingly possessed an unregistered short-barreled rifle, namely, a privately manufactured AR-type, 5.56 x 45mm caliber rifle, bearing no serial number, with a barrel of less than 16 inches in length, which defendants ORTEGA and MARTINEZ knew to be a firearm and a short-barreled rifle, as defined in Title 26, United States Code Sections 5845(a)(3) and 5845(c), and which had not been registered to defendants ORTEGA and MARTINEZ in the National Firearms Registration and Transfer Record, as required by Chapter 53, Title 26, United States Code.

COUNT SIX

[21 U.S.C. §§ 841(a)(1), (b)(1)(C)]

[DEFENDANT MARTINEZ]

On or about May 9, 2023, in Riverside County, within the Central District of California, defendant RAYMOND SAMUEL MARTINEZ knowingly and intentionally distributed cocaine, a Schedule II narcotic drug controlled substance.

                          COUNT SEVEN
                [21 U.S.C. §§ 841(a)(1), (b)(1)(C)]
                        [DEFENDANT ORTEGA]

On or about July 27, 2023, in Riverside County, within the Central District of California, defendant CHRISTOPHER ROGER ORTEGA knowingly and intentionally possessed with the intent to distribute cocaine, a Schedule II narcotic drug controlled substance.

FORFEITURE ALLEGATION ONE

[18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in any of Counts One through Four of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

   (a) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

   (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

10

FORFEITURE ALLEGATION TWO

[26 U.S.C. § 5872, and 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 26, United States Code, Section 5872 and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offense set forth in Count Five of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

    (a) All right, title, and interest in any firearm involved in such offense; and

    (b) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraph (a).

3. Pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), the convicted defendant shall forfeit substitute property, up to the value of the property described in the preceding paragraph if, as the result of any act or omission of said defendant, the property described in the preceding paragraph or any portion thereof (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

FORFEITURE ALLEGATION THREE

[21 U.S.C. § 853; 18 U.S.C. § 924; 28 U.S.C. § 2461(c)]

1. Pursuant to Rule 32.2(a) of the Federal Rules of Criminal Procedure, notice is hereby given that the United States of America will seek forfeiture as part of any sentence, pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924, and Title 28, United States Code, Section 2461(c), in the event of any defendant's conviction of the offenses set forth in either of Counts Six or Seven of this Indictment.

2. Any defendant so convicted shall forfeit to the United States of America the following:

 (a) All right, title and interest in any and all property, real or personal, constituting or derived from, any proceeds which the defendant obtained, directly or indirectly, from any such offense;

 (b) All right, title and interest in any and all property, real or personal, used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of any such offense;

 (c) All right, title, and interest in any firearm or ammunition involved in or used in any such offense; and

 (d) To the extent such property is not available for forfeiture, a sum of money equal to the total value of the property described in subparagraphs (a), (b), and (c).

3. Pursuant to Title 21, United States Code, Section 853(p), the convicted defendant shall forfeit substitute property if, by any act or omission of said defendant, the property described in the preceding paragraph, or any portion thereof: (a) cannot be located upon the exercise of due diligence; (b) has been transferred, sold

to, or deposited with a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property that cannot be divided without difficulty.

A TRUE BILL

/s/
_____
Foreperson

E. MARTIN ESTRADA
United States Attorney

*[signature]*

MACK E. JENKINS
Assistant United States Attorney
Chief, Criminal Division

SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office

MITCHELL M. SULIMAN
Assistant United States Attorney
Riverside Branch Office

13